UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLENN BROWN, | ) |
| | ) |
| Plaintiff, | ) Case No. 18-CV-03505 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| SHERIDAN CORRECTIONAL CENTER | ) |
| STAFF MEDICAL DIRECTOR ROBIN | ) |
| ROSE, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Glenn Brown filed an eight-count Amended Complaint against many defendants, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Illinois Freedom Against Information Act ("FOIA"), 5 ILCS 140/1, *et seq.*, and asserting a claim for intentional infliction of emotion distress ("IIED"). Defendants He Yuan, M.D., and Marshall James, M.D., ("Doctor Defendants") move to dismiss Counts II-VII of Brown's Amended Complaint [49] and defendant Illinois Department of Corrections ("IDOC") moves to dismiss Count VIII of the Amended Complaint [47] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**Background**

In addressing this motion, the Court accepts all facts set forth in the Amended Complaint as true. Plaintiff Glenn Brown was a resident at the Sheridan Correctional Center ("Sheridan") in Sheridan, Illinois during the early summer of 2016. (Dkt. 4 ¶¶ 3, 15.) Brown and his cellmate, Tommie Ferguson, did not get along because Ferguson directed racial slurs at Brown and threatened Brown with violence. (*Id.* ¶ 17.) Prior to an incident on July 12, 2016, Brown claims that at least

1

one of the witnesses to that incident reported Ferguson's behavior to Internal Affairs. (*Id.* ¶¶ 18–19.)

On July 12, 2016, Brown was attacked and injured by his cellmate. (*Id.* ¶ 24.) Due to the severity of Brown's injuries, he was rushed to Northwestern Medicine Valley West Hospital and then transferred to St. Anthony Medical Center. (*Id.* ¶ 33.) Brown was proscribed a liquid diet, antibiotic therapy, and liquid medication. (*Id.* ¶ 34.) He was also required to see an ophthalmologist, neurologist, and plastic surgeon and required dental work and x-rays after surgery. (*Id.*)

St. Anthony Medical Center refused to release Brown until Sheridan's Healthcare Unit confirmed that Sheridan would be able to provide Brown with a liquid diet and medication and bring him to the necessary specialists. (*Id.* ¶ 35.) Brown asserts upon information and belief that defendant Medical Director Robin Rose represented to St. Anthony Medical Center that Sheridan would be able to accommodate Brown's medical requirements. (*Id.* ¶ 36.) However, Brown claims that upon his return to Sheridan his prescribed needs were not met. (*Id.* ¶ 39.) Brown contends that Sheridan did not provide him with his liquid medication or his liquid diet, and that Sheridan did not take him to see the required specialists. (*Id.* ¶¶ 39, 47.) Further, Brown maintains that the medical staff at Sheridan, including the Doctor Defendants, refused to give him pain medication and would intentionally order the wrong blood thinners and other medications Brown required. (*Id.* ¶¶ 40, 42, 44.) Brown also states that defendant Dr. James refused to examine him on one occasion when Brown complained of numbness and requested blood thinners for a blood clot. (*Id.* ¶ 41.) Brown filed several grievances regarding this lack of medical care, which he alleges the correctional officers at Sheridan would deliberately lose or fail to forward to the appropriate recipients. (*Id.* ¶¶ 50–52.)

Pursuant to the Illinois FOIA, in August 2017, Brown requested from IDOC all records related to Brown's incident at Sheridan on July 12, 2016. (*Id.* ¶ 63.) IDOC denied the request in its entirety. (*Id.* ¶ 64.) Brown appealed this decision, and the Public Access Counselor in the Office of

2

the Attorney General found the denial improper. (*Id.* ¶¶ 65–69.) Despite this, Brown still has not received any documents related to the incident. (*Id.* ¶¶ 70–71.)

Brown then brought this suit, alleging that defendants violated his rights under § 1983, the ADA, the Illinois FOIA, and a claim of intentional infliction of emotion distress. The Doctor Defendants now move to dismiss Counts II-VII regarding failure to intervene and deliberate indifference, conspiracy, due process special relationship, First Amendment retaliation, the ADA, and IIED, respectively. IDOC moves to dismiss Count VIII regarding the Illinois FOIA claim.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) allows a party to move for dismissal based on "failure to state a claim upon which relief may granted." Fed. R. Civ. P. 12(b)(6). To prevail on a motion to dismiss, a party must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation and citation omitted). As such, a dismissal must be granted if plaintiff cannot provide support for his claim that entitles him to relief. *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic*, 550 U.S. at 546.

**Discussion**

The Doctor Defendants and IDOC make numerous arguments for dismissal of Counts II-VIII of the Amended Complaint, and this Court will address each in turn.

*Failure to Intervene Claim (Count II)*

Brown's Count II asserts a claim for due process for state created danger, failure to intervene, and deliberate indifference pursuant to 42 U.S.C. § 1983 and arising under the Fourteenth Amendment. The Doctor Defendants contend that a Fourteenth Amendment claim is improper for

3

an inmate and that the claim is duplicative of Count I, requiring that the count be dismissed with prejudice.

The Eighth Amendment governs convicted prisoners' claims for deliberate indifference while the Fourteenth Amendment provides protection for pretrial detainees claiming deliberate indifference. *Lopez v. City of Chicago*, 464 F.3d 711 (7th Cir. 2006). Brown has not alleged that he was a pretrial detainee at any relevant time in this case, and concedes that his claim for deliberate indifference is properly brought pursuant to the Eighth Amendment. Seventh Circuit authority provides that convicted persons and pretrial detainees are entitled to the same basic protections when it comes to safety and the provision of medical case. However, Brown's claim of deliberate indifference under the Fourteenth Amendment is duplicative of his claim in Count I for deliberate indifference under the Eighth Amendment. Redundant claims for deliberate indifference are superfluous. *See, e.g., Graham v. Connor*, 490 U.S. 386, 395 n.10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Brown also appears to assert a claim for state created danger pursuant to the Fourteenth Amendment. The Supreme Court has held that in the context of unnecessary and wanton infliction of pain in penal institutions, the Eighth Amendment serves as the primary source of substantive protection for conflicted prisoners. *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Under these circumstances, the Due Process Clause of the Fourteenth Amendment does not provide a prisoner any more protection than the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Id.*; *see also Pyles v. Fahim*, 771 F.3d 403, 408–09 (7th Cir. 2014). Therefore, Brown cannot bring a § 1983 claim based on substantive due process in the same complaint as an Eighth Amendment claim for medical indifference deriving from the same events. *See Graham*, 490 U.S. at 395. The Court dismisses Count II of Brown's Amended Complaint with prejudice.

4

*Conspiracy Claim (Count III)*

The Doctor Defendants move to dismiss Brown's conspiracy claim because Brown's Amended Complaint does not allege any facts regarding their alleged involvement in any conspiracy. Brown only alleges actions that other specified defendants took in furtherance of an alleged conspiracy. Brown's vague response to the Doctor Defendants is only that he has pleaded sufficient facts and is not required to provide specifics concerning the involvement of each defendant.

Civil conspiracy requires that "two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015) (internal citations and quotations omitted). To establish liability for conspiracy in a § 1983 claim, a plaintiff must show that "the individuals reached an agreement to deprive him of his constitutional rights," and overt acts in furtherance of the conspiracy actually deprived plaintiff of those rights. *Id.* Although Brown includes a few specific allegations as to other defendants, Brown's Amended Complaint does not identify any action taken by the Doctor Defendants regarding any agreement or actions taken in furtherance of such an agreement. Contrary to Brown's claim that he does not need to allege specific facts, Brown must allege enough to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Vinson v. Vermilion Cty., Ill.*, 776 F.3d 924, 928 (7th Cir. 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)). Brown's Amended Complaint does not allege any specific facts tying the Doctor Defendants to the purported conspiracy, and without these specific facts the Court finds that the conclusory allegations are insufficient to state a claim for conspiracy against them. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). Count III is dismissed.

*Due Process/Special Relationship Claim (Count IV)*

The Doctor Defendants argue that Brown's claim for due process based on special relationship should be dismissed as duplicative on the same grounds as Count II. Like Brown's state created danger theory, Brown may not bring a special relationship claim under the Fourteenth Amendment because the Eighth Amendment encompasses Brown's claim. *See Graham*, 490 U.S. at 395. When a constitutional amendment "provides an explicit textual source of constitutional protection" for certain actions, a prisoner may not also bring that same claim under the notion of substantive due process. *Id.*; *see also United States v. Lanier*, 520 U.S. 259, 272 n.7, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). Therefore, Brown's duplicative due process claim is improper, and the Court dismisses Count IV with prejudice.

*First Amendment Retaliation (Count V)*

The Doctor Defendants contend that Brown's First Amendment retaliation claim also fails to direct any allegations related to this claim against them. Brown fails to respond to the substance of the Doctor Defendants' argument. Therefore, Brown concedes that his First Amendment retaliation claim against the Doctor Defendants should be dismissed. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Further, even if Brown had responded, he does not assert sufficient allegations against the Doctor Defendants to plausibly state a claim. *See Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Count V is dismissed.

*Americans with Disabilities Act Claim (Count VI)*

The Doctor Defendants maintain that it is well settled that the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, is not the proper vehicle for Brown to challenge the sufficiency of his medical treatment by the Doctor Defendants. Brown fails to address this argument, responding instead that damages are available under the ADA and the Rehabilitation Act if he shows discriminatory intent.

6

In *Bryant v. Madigan*, the plaintiff, a paraplegic prisoner, sued prison employees for allegedly refusing his request for guardrails for his bed and denying him pain medication after a leg operation. 84 F.3d 246, 247 (7th Cir. 1996). The Seventh Circuit held that the plaintiff failed to state an ADA claim because he did not allege discrimination based on his disability, but instead a claim for incompetent treatment. *Id.* at 249. The plaintiff did not contend that he had been excluded from any services, programs, or activities, but solely incompetent treatment. *Id.* Further, the Seventh Circuit held that the ADA is not a remedy for medical malpractice. *Id.*

Brown also alleges that he experienced "increased physical pain and emotional distress as a result of Defendants' actions," without specifying which defendants or how that pain was related to discrimination. (Dkt. 4 ¶ 115.) Brown cannot continue with a claim because of his vague assertion that his Amended Complaint should be construed liberally. He is alleging incompetent treatment for his injuries, not incompetent treatment for a disability. Further, it is not apparent that Brown even alleges a purported disability with specificity. The ADA does not apply to Brown's allegations. For the same reasons, Brown's passing reference to the Rehabilitation Act, which is the precursor to the ADA, also fails to state a claim upon which relief can be granted.

In light of these deficiencies, the Court need not address the Doctor Defendants' various additional arguments in support of dismissal. Count VI is dismissed.

*Intentional Infliction of Emotional Distress (Count VII)*

The Doctor Defendants argue that Brown fails to allege any factual allegations specific to them and so has not stated a claim for IIED for which relief may be granted. Without citing to any relevant authority, Brown responds that whether the alleged conduct goes beyond all bounds of decency is a "question of fact for a jury to decide." (Dkt. 54 at 7.)

A claim for IIED requires a showing that: (1) the defendant engaged in extreme and outrageous conduct toward the plaintiff; (2) the defendant intended or recklessly disregarded the

probability that the conduct would cause the plaintiff to suffer emotional distress; (3) the plaintiff endured severe or extreme emotional distress; and (4) the defendant's conduct actually and proximately caused the plaintiff's distress. *Ulm v. Memorial Medical Center*, 2012 IL App (4th) 110421, ¶ 39, 964 N.E.2d 632 (4th Dist. 2012); *see also Naeem v. McKesson Drug Co.*, 444 F.3d 593, 605 (7th Cir. 2006). Brown's Amended Complaint simply does not tie the Doctor Defendants to actions necessary to allege a claim for IIED. He provides a conclusory statement of the elements of an IIED claim, without alleging that the Doctor Defendants took any extreme or outrageous actions toward Brown, or otherwise pleaded factual allegations that could plausibly support a cause of action for IIED. Count VII is dismissed.

*Illinois FOIA Claim (Count VIII)*

IDOC contends that Brown's state FOIA claim is jurisdictionally barred from federal court by the Eleventh Amendment, which does not allow suits against a state by its own citizens. *Takle v. Univ. of Wisco. Hosp. and Clinics Auth.*, 402 F.3d 768, 769 (7th Cir. 2005). A suit against a state agency, such as IDOC, is considered a suit against the state. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Kroll v. Bd. of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991).

However, there are two exceptions that permit a suit to be brought against a state. The first exception is if the state unequivocally waives its immunity and thereby consents to the suit. *MCI Telecommunications Corp. v. Ill. Bell Telephone Co.*, 222 F.3d 323, 338 (7th Cir. 2000); *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 540–41, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002). Magic words are not required, but "the court must be highly confident that the state really did intend to allow itself to be sued in federal court." *Mueller v. Thompson*, 133 F.3d 1063, 1064 (7th Cir. 1998). Here, IDOC has not consented to suit in federal court because it filed its opposition to Brown's motion to dismiss based on its Eleventh Amendment immunity. (Dkt. 57 ¶ 3.) This cannot amount to a "clear

8

declaration" that IDOC intended to submit itself to suit in federal court.  *See Stevenson v. City of Chicago*, 17-CV-4839, 2018 WL 1784142, *12 (N.D. Ill. Apr. 13, 2018) (St. Eve, J.).

The second exception is if Congress explicitly abrogates a state's Eleventh Amendment immunity using "unequivocal language" that is specific regarding abrogation.  *Kroll*, 934 F.2d at 907; *see also Raygor*, 534 U.S. at 540–41.  IDOC points to Seventh Circuit authority holding that Congress has not abrogated the Illinois FOIA.  *See Chicago Tribune Co. v. Bd. of Trustees of Univ. of Illinois*, 680 F.3d 1001 (7th Cir. 2012).  Likewise, here Brown cannot proceed in federal court on the state FOIA claim because Congress has not abrogated the states' immunity from a state FOIA claim.

Further, Brown contends that this Court may exert pendent jurisdiction over this state claim due to the federal claims that Brown also alleged in his Amended Complaint.  However, the Supreme Court has held that Congress did not abrogate state sovereign immunity in the Supplemental Jurisdiction Act, 28 U.S.C. § 1367.  *Raygor*, 534 U.S. at 541–42; *see also Butler v. Illinois Dep't of Transp.*, 533 F.Supp.2d 821, 827 (N.D. Ill. 2008) (Bucklo, J.).  It has been well-established that states and their agencies are protected by the Eleventh Amendment's immunity against federal courts exercising pendent jurisdiction over state law claims.  *Pennhurst State*, 465 U.S. at 120.  As such, this Court dismisses Count VIII in its entirety.

As a final matter, the Court denies Brown's improper request to amend Counts II and V made in his opposition brief to the Doctor Defendants' motion dismiss.  Although Brown does not assert anything factual or substantive that would change the outcome for these claims, this still is not the proper avenue to seek leave to amend his Amended Complaint.  *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011).  Brown's request is denied.

**Conclusion**

Based on the foregoing, this Court grants the Doctor Defendants' motion to dismiss Counts II and IV with prejudice and Counts III, V-VII without prejudice against the Doctor Defendants only [49] and IDOC's motion to dismiss Count VIII with prejudice [47].

IT IS SO ORDERED.

Date: 3/12/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

10